UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

—o0o—

| | |
|---|---|
| MICHAEL GONZALES,<br><br>        Petitioner,<br><br>v.<br><br>SHRIBER, Warden,<br><br>        Respondent. | 1:05-cv-01543-LJO-TAG HC<br><br>ORDER DENYING MOTION FOR REVIEW OF PETITION DUE TO CENSORING ISSUES AND STAY AND ABEYANCE MOTION<br><br>(Doc. 15) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## **BACKGROUND**

On December 2, 2005, Petitioner filed the instant habeas petition challenging his conviction in Kings County Superior Court for gassing, a violation of California Penal Code sec. 4501.1, and his sentence under California's Three Strikes law to an indeterminate term of twenty-five years to life. (Doc. 1). On April 25, 2006, Petitioner filed the instant motion for "review of petition due to censoring of issues and stay and abeyance motion." (Doc. 15). In his motion, Petitioner recounts the difficulties he experienced attempting to exhaust certain issues in the California Supreme Court and expressed concern that prison authorities were censoring his filings or otherwise preventing those filings from being sent to the proper courts. (Id. at pp. 1-2). Specifically, Petitioner is concerned about two habeas corpus filings in the California Supreme Courts: Case numbers S134759 and S139649. The motion itself is only seven pages in length, but has appended over two hundred pages of materials.

///

Case 1:05-cv-01543-LJO-JLT   Document 20   Filed 02/26/07   Page 2 of 3

1  The Court has endeavored to comprehend precisely what Petitioner is requesting and, as
2  best it can determine, it appears that Petitioner is concerned that if and when his state habeas
3  issues have been exhausted, he will be outside the one-year statute of limitations under
4  § 2244(d)(1) of the 1996 Antiterrorism and Effective Death Penalty Act (the "AEDPA") for
5  filing a federal habeas petition. Accordingly, it appears that Petitioner is requesting an expedited
6  review of his claims in order to determine if all claims have been exhausted; alternatively, it
7  appears Petitioner is requesting a stay of proceedings in order for him to exhaust any claims that
8  are not fully exhausted and then leave to amend his petition to add them once exhausted.
9  For the reasons discussed below, the Court will deny Petitioner's motion.

## DISCUSSION

11  A cursory review by this Court of the docket of the California Supreme Court indicates
12  that on May 10, 2006, just a few days after Petitioner filed this motion, the California Supreme
13  Court denied the habeas corpus petitions in both case nos. S134759 and S139649. Thus, to the
14  extent that Petitioner had concerns about exhausting the claims in those cases, that concern has
15  been resolved by the passage of time: The state petitions were denied by the state's highest court
16  and therefore any claims contained therein have been fully exhausted under the AEDPA.

17  Petitioner also requests that this Court conduct a preliminary review of the claims raised
18  in state court and in the instant petition to determine if either exhaustion or statute of limitations
19  problems exist. The Court must of course conduct a preliminary screening of each petition
20  pursuant to Rule 4 of the Rules Governing § 2254 Cases. In that screening, the Court must
21  dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not
22  entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d
23  490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule
24  5 of the Rules Governing § 2254 Cases.

25  Case management at the Court proceeds by the order in which the cases are received.
26  This includes screening of habeas petitions pursuant to the AEDPA. The Court is aware of the
27  existence of Petitioner's case and the length of time that it has been pending. Unfortunately, due
28  to the caseload of the Court, the conduct of an initial screening often takes time. Petitioner's

1 case will be screened in due course.  The Court does not take cases "out of turn," nor does it
2 issue "advisory" reviews of a petitioner's claims in order to facilitate an individual petitioner's
3 ability to preemptively avoid either exhaustion or statute of limitations problems under the
4 AEDPA.

5       Moreover, given the fact that Petitioner has already exhausted any claims contained in his
6 state habeas proceedings, his alternate request for a stay of proceedings to exhaust those issues is
7 groundless and will be denied.  The point of granting a stay of proceedings is to permit the state
8 courts to act.  Here, however, the state courts have already acted and thus no stay is merited.

9       However, the Court notes that Federal Rules of Civil Procedure Rule 15(a) provides in
10 pertinent part that "[a] party may amend the party's pleading once as a matter of course at any
11 time *before a responsive pleading is served*...."  Here, no responsive pleading has been served;
12 accordingly, Petitioner may submit an amended petition containing any newly exhausted claims
13 without leave of the Court.  Moreover, assuming the claims "relate back" to the instant petition,
14 then the original filing date of December 2, 2005 will remain the operative date for determining
15 issues related to the AEDPA's one-year statute of limitations.  The decision to file an amended
16 petition lies with Petitioner.  The Court does not provide legal advice to the parties and is
17 expressing no view here regarding what Petitioner need do.

18 **ORDER**

19       For the foregoing reasons, Petitioner's Motion for Review of Petition Due to Censoring if
20 Issues and Stay and Abeyance Motion (Doc. 15), is DENIED.

22 IT IS SO ORDERED.

23 Dated:   **February 23, 2007**                    **/s/ Theresa A. Goldner**
      **j6eb3d**                                          UNITED STATES MAGISTRATE JUDGE