1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14

| | |
|---|---|
| MICHAEL GONZALES, )<br><br>       Petitioner, )<br><br>   v. )<br><br>SHRIBER, Warden, )<br><br>       Respondent. )<br>_____ ) | 1:05-cv-01543-LJO-TAG HC<br><br>ORDER TO AMEND PETITION (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |

15    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for

16  writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant petition was filed on December

17  2, 2005.  (Court Doc. 1).

18                                                DISCUSSION

19    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

20  review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

21  plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

22  4 of the Rules Governing  2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

23  Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules

24  governing § 2254 Cases.

25    A federal court may only grant a petition for writ of habeas corpus if a petitioner can

26  show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254 (a).  A

27  petition for writ of habeas corpus must therefore specify the grounds for relief.  Rule 2(c) of the

28  Rules Governing Section 2254 Cases.  The petition must also allege the facts surrounding the

1  petitioner's incarceration.  28 U.S.C. § 2242.  The petitioner must make specific factual

2  allegations that would entitle him to habeas corpus relief if they are true.  O'Bremski v. Maass,

3  915 F.2d 418, 420 (9th Cir. 1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir. 1989).

4  In addition, a petition presented in *pro se* must be upon the form approved by the court.  Rule 2

5  of the Rules Governing Section 2254 Cases; Local Rule 81-190.  These rules ensure that all

6  information needed is before the Court.  Each ground for relief must be clearly stated and allege

7  what federal constitutional violation has occurred, along with providing facts that support the

8  grounds for relief.  If a petition contains no grounds entitling the petitioner to habeas corpus

9  relief, the court must dismiss the petition.  Rule 4 of the Rules Governing Section 2254 Cases.

10      In this case, Petitioner filed the six-page form petition.  However, in lieu of explaining his

11  grounds for relief on the form provided by the Court, Petitioner has appended to the form petition

12  a hand-written 215-page document containing some general introductory material, a lengthy

13  Statement of Facts which mixes both legal arguments, possible grounds for relief, and excerpts

14  from what purport to be trial transcripts, and a Points and Authorities.  However, Petitioner has

15  not included a succinct, easily understood list of his grounds for relief.

16      A petitioner may submit attachments or exhibits to the petition; however, *the form itself*

17  *must be completed in its entirety*.  The Court stresses the impropriety of filing a petition, as

18  Petitioner has done here, that simply makes reference to an attachment containing a over two

19  hundred pages.  This type of filing requires the Court to expend a significant amount of time

20  attempting to determine what Petitioner's claims are and whether he provides sufficient facts to

21  support them.  Such information can be provided in a *brief* manner by simply completing the

22  form petition and submitting a succinct brief in support of the Petition.[1]  A blank petition

23  containing only a reference to the attached, however, is insufficient.  Should the space provided

24

25      [1]Lengthy excerpts from the trial transcripts are completely unnecessary either in the petition itself or in
26  documents attached to the petition.  A petitioner may simply summarize the events forming the basis for his
    constitutional claim.  If the Court determines that Petitioner has raised federal issues, Respondent will be ordered to
27  file an Answer in which Respondent must lodge with the Court the entire state court record, including all of the state
    court filings and the entire trial transcript.  Excerpts from the trial transcript serve no purpose at this stage of the
28  proceedings and, in fact, can actually hinder the ability of the Court to determine precisely what issues a petitioner is
    attempting to raise.

on the form be inadequate to list more than four claims, a petitioner should clearly list the claims on a separate sheet of paper and submit it with the petition.  However, the Court will not accept a simple reference to hundreds of pages as adequate to state a petitioner's claims and supporting facts.  The proper use of the form petition results in administrative convenience of benefit to both the petitioner and the Court.

Here, despite Petitioner's obvious diligence in supplying a wealth of information about his trial and his views on the propriety of many events that occurred during that trial, the Court is unable to determine how many claims Petitioner is raising, whether those claims raise issues of federal law, and whether those claims have been fully exhausted in state court.  One of the virtues of using the form petition is that it requires a petitioner to number each Ground for Relief separately and distinctly, so that the Court is certain as to the nature of the claims and how many claims are being raised.  In this case, the Court is unable to discern either.

**ORDER**

Accordingly, it is HEREBY ORDERED:

1.     Petitioner SHALL FILE AN AMENDED PETITION succinctly and clearly stating each Ground for Relief to which Petitioner claims he is entitled by filling out the form petition **in its entirety,** within thirty (30) days of the date of service of this order.  The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury.  Petitioner should also note that every pleading to which an amendment is permitted *must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading*.  Local Rule 15-220.

2.     The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal prisoners filing pursuant to § 2254.

///
///
///

3

Petitioner is forewarned that his failure to comply with this order may result in a

Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.


IT IS SO ORDERED.

Dated:   **April 2, 2007**                                          **/s/ Theresa A. Goldner**
**j6eb3d**                                                 UNITED STATES MAGISTRATE JUDGE