# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL GONZALES, | ) | 1:05-cv-01543-LJO-JLT HC |
| Petitioner, | ) ) | RENEWED ORDER TO AMEND PETITION (Doc. 1) |
| v. | ) ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |
| SHRIBER, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on December 2, 2005. (Court Doc. 1). On April 3, 2007, the Court ordered Petitioner to file an amended petition. (Doc. 21). In that order, the Court noted that Petitioner had failed to explain his grounds for relief on the form petition and that the 215-page attachment to the petition was so confusing that the Court could not discern the nature and number of claims Petitioner sought to raise. (Id.). Without knowing the number and nature of claims being raised by Petitioner, the Court could not proceed with the case. The order gave Petitioner thirty days within which to file an amended petition. Petitioner requested, and received, several extensions of time within which to file his amended petition, although no amended petition was ever filed. (Docs. 22 & 23). After the last extension of time was granted, the amended petition was due on July 9, 2007.

However, on July 6, 2007, rather than simply filing the amended petition, Petitioner chose instead to appeal the Court's interlocutory order to the Ninth Circuit. (Doc. 25). This Court denied a certificate of appealability because the order was interlocutory and non-appealable. (Doc. 26). The case has languished in the Ninth Circuit for over three years. On August 10, 2010, the Ninth Circuit dismissed the appeal due to its lack of jurisdiction over an interlocutory order. (Doc. 33).

Accordingly, the proceedings are now precisely where they were on April 3, 2007, when the Court first ordered Petitioner to file his amended petition.  Petitioner will be afforded thirty days within which to file his amended petition or a Recommendation to dismiss the petition will be issued. Petitioner is reminded that he must fill out the form petition in its entirety. He may include attachments, exhibits, legal argument, and other documents with his form petition, but the form petition *must be filled out* in order to assist the Court in conducting its statutory screening function.

## ORDER

Accordingly, it is HEREBY ORDERED:

1. Petitioner SHALL FILE AN AMENDED PETITION succinctly and clearly stating each Ground for Relief to which Petitioner claims he is entitled by filling out the form petition **in its entirety,** within thirty (30) days of the date of service of this order.  The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner should also note that every pleading to which an amendment is permitted *must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.* Local Rule 15-220. **Petitioner may include attachments, documents, exhibits, and legal arguments along with his form petition, but he must complete the form petition in its entirety in addition to any attachments.**

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for

federal prisoners filing pursuant to § 2254.

*Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.*

IT IS SO ORDERED.

Dated:   **August 11, 2010**                                    **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE