# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>        Petitioner,<br><br>  v.<br><br>SHRIBER, Warden,<br><br>        Respondent. | Case No.: 1:05-cv-01543-LJO-JLT HC<br><br>ORDER GRANTING PETITIONER'S SECOND MOTION FOR EXTENSION OF TIME TO FILE AMENDED PETITION (Doc. 38)<br><br>THIRTY DAY DEADLINE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on December 2, 2005. (Doc. 1). On April 3, 2007, the Court ordered Petitioner to file an amended petition. (Doc. 21). In that order, the Court noted that Petitioner had failed to explain his grounds for relief on the form petition and that the 215-page attachment to the petition was so confusing that the Court could not discern the nature and number of claims Petitioner sought to raise. (Id.). Without knowing the number and nature of claims being raised by Petitioner, the Court could not proceed with the case. The order gave Petitioner thirty days within which to file an amended petition. Petitioner requested, and received, several extensions of time within which to file his amended petition, but then never filed an amended petition as ordered by this Court. (Docs. 22 & 23). After the last extension of time was granted, the amended petition was due on July 9,

2007.

Instead, on July 6, 2007, three days before the amended petition was due, rather than simply filing the amended petition, Petitioner chose instead to appeal the Court's non-appealable order to the Ninth Circuit. (Doc. 25). This Court denied a certificate of appealability because the order was interlocutory and non-appealable. (Doc. 26). The case languished in the Ninth Circuit for over three years. On August 10, 2010, the Ninth Circuit properly dismissed the appeal due to its lack of jurisdiction over a non-appealable order. (Doc. 33).

At that point, the proceedings were precisely where they had been on April 3, 2007, when the Court first ordered Petitioner to file his amended petition. Cognizant that the case was now almost five years old and that both the interests of the parties and the interests of justice demand that habeas corpus cases be decided in a prompt and expeditious manner, the Court, on August 11, 2010, ordered Petitioner to file the amended petition within thirty days. (Doc. 34). On September 13, 2010, rather than complying with the Court's order to amend, Petitioner requested additional time. (Doc. 36). The Court, in a lengthy and detailed order, grudgingly granted Petitioner an additional thirty days in which to file his amended petition. (Doc. 37). On September 28, 2010, Petitioner filed a second motion for extension of time, complaining that he requires more time because the pens issued by the prison staff do not contain sufficient ink for Petitioner to complete his amended petition. (Doc. 38).

As the Court pointed out in its previous order, Petitioner has had several years to properly "organize" his amended petition, to access and do research in the prison law library, and, if needed, to accumulate sufficient pens and other writing materials to successfully complete his amended petition. Nevertheless, it has become apparent that, during those years, Petitioner has done absolutely nothing to prepare for further litigation in this case.

As the Court previously noted, it is Petitioner who commenced this litigation and it is Petitioner who now has the obligation to move these proceedings forward. If he chooses not to do so, the Court will recommend termination of the case and dismissal of the petition for failure to prosecute. Prisoner cases comprise almost two-thirds of this Court's docket and the Court has literally hundreds of other prisoner cases to deal with on a daily basis. The instant case is the

oldest case on the Court's docket by a matter of years.  If Petitioner is unwilling or unprepared to proceed in a timely manner, he should file a voluntary motion to dismiss his petition in order to permit the Court to use its limited resources on other cases where the petitioners are prepared to comply with the requirements of litigation.

Nevertheless, in what is perhaps an excess of caution, the Court will afford Petitioner *one final extension* of time of thirty days within which to file his amended petition.  **No further extensions of time will be granted.**  **If Petitioner fails to file his amended petition within the time prescribed by the Court, the Court will recommend dismissal of the petition.**

### ORDER

Accordingly, it is HEREBY ORDERED:

1. Petitioner's motion for extension of time to file his Amended Petition (Doc. 38), is GRANTED.  Petitioner has thirty (30) days from the date of service of this order within which to file his Amended Petition.  *No further extensions of time will be granted*.  *Petitioner's failure to comply with this order **will** result in the issuance of a Recommendation to dismiss the petition*.

IT IS SO ORDERED.

Dated:  **September 30, 2010**                    /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE