# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>    Petitioner,<br><br>v.<br><br>SHRIBER, Warden,<br><br>    Respondent. | 1:05-cv-01543-LJO-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO PROSECUTE (Doc. 1)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

## **PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on December 2, 2005. (Doc. 1). On April 3, 2007, the Court ordered Petitioner to file an amended petition. (Doc. 21). In that order, the Court noted that Petitioner had failed to explain his grounds for relief on the form petition and that the 215-page attachment to the petition was so confusing that the Court could not discern the nature and number of claims Petitioner sought to raise. (Id.). Without knowing the number and nature of claims being raised by Petitioner, the Court could not proceed with the case. The order gave Petitioner thirty days within which to file an amended petition. Petitioner requested, and received, several extensions of time within which to file his amended petition, but then never filed an amended petition as ordered by this Court. (Docs. 22 & 23). After the last extension of time was granted, the amended petition was due on July 9,

2007.

Instead, on July 6, 2007, three days before the amended petition was due, rather than simply filing the amended petition, Petitioner chose instead to appeal the Court's non-appealable order to the Ninth Circuit. (Doc. 25). This Court denied a certificate of appealability because the order was interlocutory and non-appealable. (Doc. 26). The case languished in the Ninth Circuit for over three years. On August 10, 2010, the Ninth Circuit properly dismissed the appeal due to its lack of jurisdiction over a non-appealable order. (Doc. 33).

At that point, the proceedings were precisely where they had been on April 3, 2007, when the Court first ordered Petitioner to file his amended petition. Cognizant that the case was now almost five years old and that both the interests of the parties and the interests of justice demand that habeas corpus cases be decided in a prompt and expeditious manner, on August 11, 2010, the Court ordered Petitioner to file the amended petition within thirty days. (Doc. 34). On September 13, 2010, rather than complying with the Court's order to amend, Petitioner requested additional time. (Doc. 36). In a lengthy and detailed order, the Court granted Petitioner an additional thirty days in which to file his amended petition. (Doc. 37).

On September 28, 2010, rather than file the first amended petition as ordered by the Court, Petitioner filed a *second* motion for extension of time, complaining that he requires more time because the pens issued by the prison staff do not contain sufficient ink for Petitioner to complete his amended petition. (Doc. 38). As it did in its previous order, the Court pointed out that Petitioner had had several years to properly "organize" his amended petition, to access and do research in the prison law library, and, if needed, to accumulate sufficient pens and other writing materials to successfully complete his amended petition. Nevertheless, it had become apparent that, during those years, Petitioner has done absolutely nothing to prepare for further litigation in this case. Despite the repeated delays and seeming chronic inability to follow the Court's orders, Petitioner was nevertheless granted one final extension of time. (Doc. 39). However, in granting Petitioner's request, the Court made the following observations:

> As the Court previously noted, it is Petitioner who commenced this litigation and it is Petitioner who now has the obligation to move these proceedings forward. If he chooses not to do so, the Court will recommend termination of the case and dismissal of the

petition for failure to prosecute. Prisoner cases comprise almost two-thirds of this Court's docket and the Court has literally hundreds of other prisoner cases to deal with on a daily basis. The instant case is the oldest case on the Court's docket by a matter of years. If Petitioner is unwilling or unprepared to proceed in a timely manner, he should file a voluntary motion to dismiss his petition in order to permit the Court to use its limited resources on other cases where the petitioners are prepared to comply with the requirements of litigation.

(Doc. 39, p. 2). In that order, the Court expressly advised Petitioner that no further extensions of time would be granted under any circumstances and that failure to file the amended petition within the time allotted would result in a Recommendation that the petition be dismissed. (Doc. 39, p. 3).

## DISCUSSION

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since December 2, 2005. The Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the

1  occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,
2  524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their
3  merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,
4  given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.

5       A court's warning to a party that failure to obey the court's order will result in dismissal
6  satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;
7  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order of September 30, 2010,
8  expressly stated as follows: "***No further extensions of time will be granted.  If Petitioner fails***
9  ***to file his amended petition within the time prescribed by the Court, the Court will***
10  ***recommend dismissal of the petition.***"  (Doc. 39, p. 3)(Emphasis and bold in original).  Thus,
11  Petitioner had adequate warning that dismissal would result from his noncompliance with the
12  Court's order.

13                               **RECOMMENDATIONS**

14       Accordingly, the court HEREBY RECOMMENDS that the petition for writ of habeas
15  corpus (Doc. 1), be dismissed for Petitioner's failure to prosecute.  This Findings and
16  Recommendation is submitted to the United States District Court Judge assigned to the case
17  pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of
18  Practice for the United States District Court, Eastern District of California.  Within twenty (20)
19  days after being served with a copy, any party may file written objections with the court and
20  serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
21  Judge's Findings and Recommendations."  Replies to the objections shall be served and filed
22  within ten (10) court days (plus three days if served by mail) after service of the objections.  The
23  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
24  parties are advised that failure to file objections within the specified time may waive the right to
25  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
26  IT IS SO ORDERED.
27  Dated:  **November 19, 2010**                              **/s/ Jennifer L. Thurston**
                                                                                      UNITED STATES MAGISTRATE JUDGE
28